UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lawrence E. Moon Funeral Home
and Loyst Fletcher, Jr.,

                        Plaintiffs,

v.

Metropolitan Life Insurance
Company,

                        Defendant.

_____/

Case No. 22-13116

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**OPINION AND ORDER REMANDING CASE TO GENESEE
COUNTY CIRCUIT COURT FOR LACK OF
SUBJECT MATTER JURISDICTION**

On March 27, 2023, the Court ordered Defendant Metropolitan Life

Insurance Company to show cause in writing why this case should not be

remanded to the Genesee County Circuit Court for lack of subject matter

jurisdiction. (ECF No. 10.) On April 26, 2023, Defendant timely filed its

response opposing remand. (ECF No. 11.) For the reasons set forth below,

the Court concludes that it lacks subject matter jurisdiction and remands

the case to the Genesee County Circuit Court.

## I.      Background

The Court set forth the factual and procedural background of this case in its prior order. (*See* ECF No. 10, PageID.212–214.) *See also Lawrence E. Moon Funeral Home v. Metro. Life Ins. Co.*, No. 22-10890, 2023 WL 2646255, at \*1–2 (E.D. Mich. Mar. 27, 2023) (Levy, J.).

## II.     Legal Standard

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) ("Before a federal court takes up a case's merits, it must assure itself of its jurisdiction over the case's subject matter."). The removing party bears the burden of establishing that the district court has subject matter jurisdiction. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). "The question of jurisdiction 'is determined at the time of removal,' and application of 'the removal statute should be strictly construed and all doubts resolved in favor of remand.'" *Id.* (citations omitted).

## III.   Analysis

In response to the Court's show cause order, Defendant advances three arguments: (i) Plaintiffs' claims are expressly preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a); (ii) Plaintiffs' claims are subject to complete preemption under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a); and (iii) the case cannot be remanded to Genesee County Circuit Court because that court lacks jurisdiction. (*See* ECF No. 11, PageID.220–227.) Because none of Defendant's arguments are availing and the Court concludes it lacks subject matter jurisdiction, the case will be remanded to the Genesee County Circuit Court.

### A.   Express Preemption Under § 1144(a)

Defendant first contends that the Court has subject matter jurisdiction under 29 U.S.C. § 1144(a) and that Plaintiffs' claims should be dismissed with prejudice. (*See* ECF No. 11, PageID.221–223.) The Court does not agree.

When a case is removed to federal court, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when

3

a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Thus, 'the existence of a federal defense normally does not create' federal-question jurisdiction." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

Under § 1144(a), ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" subject to ERISA. 29 U.S.C. § 1144(a). "Courts have interpreted this clause to preempt state laws that specifically mention ERISA, state laws 'where the existence of ERISA plans is essential to the law's operation,' and state laws 'with an impermissible connection with ERISA plans[.]'" *K.B. v. Methodist Healthcare - Memphis Hosps.*, 929 F.3d 795, 800 (6th Cir. 2019) (alteration in original) (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016)). "But simply because a state law claim might fall within § 1144(a)'s broad preemptive reach does not alone suffice to take it outside the normal rule that a federal preemption defense does not make a case with state law claims removable to federal court under §§ 1331 and 1441(a)." *Id.* (citing *Gardner*, 715 F.3d at 612).

4

For this reason, the Sixth Circuit has consistently held that preemption under § 1144(a) cannot provide a basis for removal to federal court. *See id.*; *see also Gardner*, 715 F.3d at 612 ("That a state-law claim is preempted under § 1144(a) is no basis to remove the case from state court to federal."); *Loffredo v. Daimler AG*, 500 F. App'x 491, 500 (6th Cir. 2012) (opinion of Moore, J.) ("[E]xpress preemption under § 1144 is a defense; it is grounds for dismissal, but not for removal."); *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001) ("ERISA's § 1144 preemption provision does not assure that claims preempted by ERISA are necessarily removable[.]"); *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) ("[Section] 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule. As a consequence, no removal jurisdiction exists under § 1144.").

Here, Defendant acknowledges that "an express preemption defense is insufficient to overcome the well-pleaded complaint rule and confer federal question jurisdiction." (ECF No. 11, PageID.221.) However, Defendant insists that express "preemption is not merely a defense in this case" and that preemption "is evident on the face of the complaint

itself." (*Id.* at PageID.221.) But Defendant's own brief makes clear that § 1144(a) provides the basis for its *defense*, not the basis of Plaintiffs' complaint:

> Plaintiff[s'] complaint is entirely predicated on "*State law*" relating to the Plan. They claim entitlement to benefit payments directly from the plan administrator under two "*State law*" mechanisms. First, they assert that a Michigan law, MCL 700.3805(3), entitles them to "direct payments" from MetLife. Complaint, ECF No. 1-1, PageID.15-16. Second, they assert that a Michigan state probate court decision applying that Michigan law confirmed their entitlement to the direct payment of benefits. *Id.* at PageID.16. In their prayer for relief, they ask this Court to order MetLife to bypass the Plan beneficiaries and directly pay the Plan benefits to them, pursuant to these two "*State law*" mechanisms.
>
> . . . .
>
> Plaintiffs rely on a *state law* and a *state court decision* to demand direct payment from the administrator of an ERISA-governed plan, in contravention of plan requirements. Under 29 U.S.C. § 1144, those "State laws" are superseded and ERISA expressly preempts them.

(ECF No. 11, PageID.222–223 (emphasis added).) As such, Defendant cannot satisfy the well-pleaded complaint rule based on § 1144(a) preemption. And despite Defendant's insistence that "[d]ismissal with prejudice or further adjudication in this Court are the only ways forward" (ECF No. 11, PageID.220), Michigan's "state courts are competent to decide whether ERISA has preempted [Plaintiffs'] state law claims."

6

*Wright*, 262 F.3d at 615 (quoting *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 530 (6th Cir.2000)); *cf. Sweebe v. Sweebe*, 474 Mich. 151, 154–55 (2006) (explaining that "under ERISA preemption, Michigan law cannot affect ERISA's determination of the proper beneficiary"). Accordingly, the Court concludes it does not have subject matter jurisdiction based on § 1144(a) preemption.

### B.   Complete Preemption Under § 1132(a)

Defendant next argues that Plaintiffs' claims are "completely preempted under 29 U.S.C. § 1132(a) and the Court has jurisdiction over them." (ECF No. 11, PageID.223.) Again, the Court does not agree. As the Court previously set forth:

> Unlike express preemption under § 1144(a), a defense based on § 1132(a)'s complete preemption can provide a basis for subject matter jurisdiction. The Supreme Court has recognized an exception to the well-pleaded complaint rule when a federal statute "wholly displaces the state-law cause of action through complete pre-emption." . . . While express preemption under § 1144(a) does not satisfy this standard, the Supreme Court has held that § 1132(a)(1)(B) of ERISA "is part of a 'civil enforcement scheme' whose 'comprehensive' and 'carefully integrated' character 'provide[s] strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" As such, "ERISA completely preempts a plaintiff's state law claim when the claim 'duplicates, supplements, or supplants the ERISA civil enforcement remedy' in § 1132(a)(1)(B), even if the state law

claim makes no reference to or has no explicit connection with ERISA."

*Lawrence E. Moon*, 2023 WL 2646255, at *3 (second alteration in original) (citations omitted). However, "[c]laims by anyone other than a 'participant or beneficiary[]' . . . fall outside the scope of ERISA's civil enforcement section." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 946 (6th Cir. 1994). For a case to be removable based on complete preemption, the plaintiff must make "'at least a colorable claim' that he was an ERISA participant" or beneficiary. *See Halttunen v. City of Livonia*, 664 F. App'x 510, 513 (6th Cir. 2016) (quoting *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 445(6th Cir. 2006)).

In this case, Defendant attempts to recast Plaintiffs' claims as those assigned to Plaintiffs by the beneficiaries:

> Plaintiffs attempt to stand in the shoes of Mr. Crimes's beneficiaries. They claim entitlement to the direct of [sic] payment of benefits because the beneficiaries have allegedly authorized them to do so. Through a proper assignment, a beneficiary's assignee may pursue a denial of benefits claim to the same extent the beneficiary himself could have done so. Whether Mr. Crimes's beneficiaries truly assigned their interest in the benefits to Plaintiffs is undetermined. But if Plaintiffs are proceeding on the premise that the beneficiaries have done so, then ERISA provides the exclusive framework for resolving this benefit payment dispute.

> . . . . The test for removability is whether the plaintiff, through a state law claim, actually seeks "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiffs are seeking precisely that, albeit in reliance on the purported consent of the actual beneficiaries.

(ECF No. 11, PageID.224 (citations omitted).) But Defendant's framing of this issue is incompatible with the allegations in the complaint. There is no indication in the complaint that the beneficiaries assigned *their own claims against Defendant* to Plaintiffs. Instead, Plaintiffs allege only that the beneficiaries "consented to the Order of the State Court and the relief requested." (ECF No. 1-1, PageID.15, ¶ 4; *see also id.* at PageID.16, ¶ 13 (noting the "consent of the beneficiaries").) Moreover, Plaintiffs' complaint requests that the Court prevent distribution of any proceeds directly to the beneficiaries. (*See id.* at PageID.16–17, ¶¶ 17, 20, 21.) Defendant's framing cannot transform Plaintiffs claims into claims by the beneficiaries subject to § 1132 preemption.[1] As such, the Court concludes that Plaintiffs' claims are not completely preempted under

---

[1] Defendant also attempts to manufacture a federal question based on the "identity of the beneficiaries" (ECF No. 11, PageID.225–226), but Plaintiffs do not dispute that Crimes' children are the proper beneficiaries under the Plan. (*See* ECF No. 1-1, PageID.15–17 ¶¶ 4, 9, 18, 20 (identifying Crimes' minor children as the beneficiaries of the Plan).)

9

§ 1132, and the Court does not have subject matter jurisdiction on this basis.

## C.    Remand to State Court

Finally, Defendant asserts that "even if ERISA did not preempt state court jurisdiction over Plaintiffs' claims, the claims cannot be remanded to a state court that lacks jurisdiction, but should instead be dismissed." (ECF No. 11, PageID.227.) In support of this argument, Defendant points to Plaintiffs' inability to meet the state court's $25,000 amount in controversy requirement under Michigan law. (*See id.* (noting that Plaintiffs seek only $14,749.20).) However, the relevant portion of the removal statute expressly commands: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). As the Court concludes that it lacks subject matter jurisdiction, remand to the Genesee County Circuit Court is mandatory. Defendant's concerns regarding the state court's jurisdictional amount in controversy can be addressed by the Genesee County Circuit Court on remand.

## IV.   Conclusion

Accordingly, the Court concludes that it lacks subject matter jurisdiction and REMANDS the case to the Genesee County Circuit Court for further proceedings.

The Court also finds that the appropriate action has been taken and VACATES the March 27, 2023 order to show cause.

IT IS SO ORDERED.

Dated: May 12, 2023                       s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

11